UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUNAID R. HALL,

                Plaintiff,

    v.

PIERCE COUNTY, et al.,

                Defendants.

CASE NO. 2:25-cv-05956-JHC-DWC

ORDER DECLINING TO SERVE

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Junaid Hall, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Dkts. 5, 5-2. Plaintiff also filed a Motion for Counsel. Dkt. 3. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has failed to state a claim against Defendants Pierce County and Trinity Services Group ("TSG"), but provides him leave to file an amended pleading by **December 29, 2025**, to cure the deficiencies identified herein. If Plaintiff chooses **not** to file an amended complaint, the Court will order service of the Complaint only against Defendants Cindy, Chris, and Zygen.

I.   Background

Plaintiff, a pretrial detainee at Pierce County Jail ("PCJ"), alleges that his Fourteenth Amendment rights were violated when the unsanitary conditions at PCJ caused him to become ill while he worked in the PCJ kitchen. Dkt. 5-2 at 10–17. After arriving at PCJ, Plaintiff began working in the kitchen, which TSG ran. *Id.* at 13. Starting in August 2025, Plaintiff began to suffer from migraines, coughing fits, a stuffy nose, and breathing difficulty. *Id.* He noticed that the working conditions in the PCJ kitchen were extremely unsanitary. *Id.* Black mold, sewer flies, and maggots were common in the kitchen. *Id.* And when he told the TSG contractors—Chris, Cindy, and Zygen—about these problems, they ignored him. *Id.* at 12–17. Plaintiff filed a grievance about the unsanitary conditions, but the responding jail official denied it, stating that the "kitchen [was] a sanitary environment." *Id.* at 15. None of the issues Plaintiff raised to TSG staff members were fixed over the last several months, causing Plaintiff's symptoms to worsen. *Id.* at 16.

Based on these allegations Plaintiff raises a Fourteenth Amendment conditions of confinement claim. The Court also interprets the Complaint as containing a *Monell* claim against Pierce County and TSG.

II.   Discussion

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The Court is required to liberally construe pro se documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute; and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989).

A. *Monell* Claim

Plaintiff alleges that Pierce County and TSG violated his civil rights because they had policies and practices that caused the unsanitary work conditions in the PCJ kitchen. Dkt. 5-2 at 18. These conditions caused Plaintiff's health to deteriorate. *Id.*

Local government entities such as counties can be sued directly under § 1983 for damages or equitable relief where a plaintiff alleges that the entity's official or unofficial policy, custom, usage, or practice was the "moving force [behind] the constitutional violation." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1970). And a private company is a "person" under § 1983 when it stands in the shoes of a municipality while providing public services under a contract. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012). A plaintiff can establish municipal liability by: (1) stating that an officer "committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local government entity"; (2) establishing that the officer who committed the constitutional tort "was an official with final policy-making authority and that the challenged action itself thus constituted an act of official governmental policy"; or (3) proving that an official "with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992).

"At the very least there must be an affirmative link between the policy and the particular constitutional violation alleged." *City of Okla. City v. Tuttle*, 471 U.S. 808, 823 (1985). But a complaint that simply recites the elements of a *Monell* claim is insufficient to put a municipality on fair notice of the claims against it. *White v. City of Vacaville*, No. 12-515, 2012 U.S. Dist. LEXIS 58769, at *4 (E.D. Cal. Apr. 26, 2012).

Plaintiff fails to raise a *Monell* claim against Pierce County and TSG because he does not provide any allegations regarding their policies, practices, or customs that would have caused his alleged injuries. In the Complaint, he states in a conclusory manner that Pierce County and TSG were responsible for the unsanitary conditions at the PCJ kitchen. Plaintiff fails to allege any facts suggesting that a specific policy or custom resulted in his injury or that any conduct amounted to an official policy. Nor does he allege that the acts described in the Complaint were committed by an official with final policy-making authority. For these reasons, Plaintiff fails to state a claim against Pierce County and TSG under *Monell*.

### B. Conditions of Confinement Claim

A pretrial detainee's claim challenging the alleged unconstitutional conditions of confinement fall under the Fourteenth Amendment Due Process Clause. *See Gordon v. Cnty. Of Orange*, 888 F.3d 1118, 1124 n.2 (9th Cir. 2018). The Court evaluates Fourteenth Amendment conditions of confinement claims under the objective deliberate indifference standard. *Id.* To establish unconstitutional conditions of confinement, a plaintiff must prove that (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. *Id.* at 1125; *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016).

The Court finds that Plaintiff states a colorable conditions of confinement claim on screening. Taking the allegations in the Complaint as true, Cindy, Chris, and Zygen knew about

the unsanitary conditions in the PCJ kitchen but ignored Plaintiff's many requests to have them remediated. The extreme unsanitary condition of the kitchen and these Defendants' knowledge of its conditions are enough to state a colorable claim at this stage of the litigation. Therefore, if Plaintiff chooses not to file an amended complaint, the Court will order service of the Complaint only on this claim against Defendants Cindy, Chris, and Zygen.[1]

### C. Instructions to Plaintiff and the Clerk

Due to the deficiencies described in Plaintiff's *Monell* claim, if Plaintiff intends to pursue a § 1983 civil rights action in this Court against Defendants Pierce County and TSG, he may file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person or entity who violated the right; (3) exactly what the individual or entity did or failed to do; (4) how the action or inaction of the individual or entity is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's or entity's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

If Plaintiff seeks to amend, he shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997)

---

[1] While a private individual generally does not act under color of state law, a private person may be sued under § 1983 if there is a close nexus between the State and the challenged action such that seemingly private behavior may be fairly treated as that of the State itself. *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 290 (2001). On screening, the Court will allow Plaintiff's conditions of confinement claim to proceed against TSG's contractors—Defendants Cindy, Chris, and Zygen—because they appear to have been in control of PCJ's kitchen.

ORDER DECLINING TO SERVE - 6

*overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the proposed complaint that are not alleged in the amended complaint are waived. *Forsyth*, 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff chooses **not** to file an amended complaint, his conditions of confinement claim against Defendants Chris, Cindy, and Zygen will proceed, and the Court will order service of the Complaint.

### III.    Motion for Appointment of Counsel

Plaintiff files the Motion for Counsel because (1) he is indigent, (2) he has mental health disabilities, and (3) the case is complex and will require witnesses. Dkt. 3 at 1–2.

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718

1  F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp

2  of his case or the legal issues involved and an inadequate ability to articulate the factual basis of

3  his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

4        Plaintiff has not stated exceptional circumstances that warrant the appointment of counsel

5  at this time. He has not shown, nor does the Court find, this case involves complex facts or law.

6  Plaintiff is able to articulate his requests in ways that the Court can understand, despite him

7  having mental disabilities. And the inability to hire counsel because of indigency is insufficient

8  to require the appointment of counsel. *See Baker v. Macomber*¸ No. 15-248, U.S. Dist. LEXIS

9  43470, at *1 (E.D. Cal. Mar. 12, 2020) (holding that "[c]ircumstances common to most

10 prisoners, such as lack of legal education and limited law library access, do not establish

11 exceptional circumstances that warrant a request for voluntary assistance of counsel"). Finally,

12 while Plaintiff may be better off litigating this case with appointed counsel, that fact does not

13 establish an extraordinary circumstance warranting the appointment of counsel. *See Rand*, 113

14 F.3d at 1525; *Wilborn*, 789 F.2d at 1331.Therefore, the Court finds Plaintiff has failed to show

15 the appointment of counsel is appropriate at this time. Accordingly, Plaintiff's Motion for

16 Counsel (Dkt. 3) is denied without prejudice.

17 **IV.**    **Conclusion**

18       For the foregoing reasons, the Court finds that Plaintiff fails to state a claim against

19 Pierce County and TSG under *Monell*. But he states a colorable conditions of confinement claim

20 against Chris, Cindy, and Zygen. The Court also denies the Motion for Counsel (Dkt. 3) without

21 prejudice.

Plaintiff may file an amended complaint to cure the deficiencies of the Complaint identified herein on or before **December 29, 2025**. If Plaintiff does not file an amended complaint, his conditions of confinement claim against Chris, Cindy, and Zygen will proceed.

Finally, the Clerk is directed to send Plaintiff a copy of this Order and the appropriate forms for filing a 42 U.S.C § 1983 civil rights complaint and for service.

Dated this 26th day of November, 2025.

David W. Christel
United States Magistrate Judge